### ELIZABETH MARCIL *v.* ROGER MARCIL
### (3028)

DUPONT, C.P.J., BORDEN and COVELLO, Js.

Argued April 18—decision released July 2, 1985

*Robert M. Siuzdak,* for the appellant (defendant).

*Hillard N. Einbinder,* with whom, on the brief, was *Arnold M. Potash,* for the appellee (plaintiff).

COVELLO, J. The marriage of the plaintiff and the defendant was dissolved on May 16, 1983. The judgment provided that the defendant husband was to con-

vey his interest in the marital home to the plaintiff wife and that upon the sale of the family home, the plaintiff was to pay the defendant the sum of $20,000.[1]

On September 12, 1983, the plaintiff sold the family home and paid over to the defendant $18,213.27. The plaintiff thereafter refused to pay the $1786.73 balance. The defendant filed a motion seeking to have the plaintiff found in contempt. After a hearing, the court denied the motion.

Evidence taken at the hearing disclosed that the plaintiff telephoned the defendant, told him that she had an offer that was substantially less than the asking price for the house, and asked the defendant if he would take less than $20,000. The defendant then agreed with the plaintiff to share the net proceeds equally. The plaintiff thereupon proceeded to sell the house at the reduced price.

The court concluded that the plaintiff's failure to pay over the full $20,000 was based upon her belief that she had made a subsequent agreement with her former husband to share the proceeds equally, reducing his share to $18,213.27. The court therefore denied the motion for contempt.

Contempt can be civil or criminal in nature. *State* v. *Jackson,* 147 Conn. 167, 169, 158 A.2d 166 (1960). " '[A] contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public.' *McCrone* v. *United States,* 307 U.S.

---

[1] The pertinent part of the judgment provides: "The Defendant husband shall transfer all of his right, title and interest in the family home located at 390 Matthews Street, Prospect, Connecticut, to the Plaintiff wife subject to a first and second mortgage. Said real property is to be sold on or before November 30, 1984, or upon the remarriage of the Plaintiff wife. Upon said sale, the Plaintiff wife shall pay to the Defendant husband the sum of $20,000.00 without interest."

61, 64, 59 S. Ct. 685, 83 L. Ed. 1108." *McTigue* v. *New London Education Assn.,* 164 Conn. 348, 352, 321 A.2d 462 (1973).

A civil contempt can involve a wilful failure to comply with a then outstanding court order. *Turgeon* v. *Turgeon,* 190 Conn. 269, 284, 460 A.2d 1260 (1983). "A finding of contempt depends upon the facts and circumstances surrounding it." *Dukes* v. *Durante,* 192 Conn. 207, 228, 471 A.2d 1368 (1984).

The court here concluded that the plaintiff's failure to pay over the balance due was not an intentional violation of the court's order but rather was an act based on a mistaken perception that the parties' later agreement had modified the court's earlier action.

The fact that the order had not been complied with fully, however, does not dictate that a finding of contempt must enter. It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order. "[I]n an appeal from a judgment of civil contempt, 'our review is technically limited to "questions of jurisdiction, such as whether the court had authority to impose the judgment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt." ' *Papa* v. *New Haven Federation of Teachers,* 186 Conn. 725, 731, 444 A.2d 196 (1982), quoting *State* v. *Jackson,* 147 Conn. 167, 170, 158 A.2d 166 (1960)." *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 192 Conn. 1, 3, 469 A.2d 778 (1984).

There is no error.

In this opinion the other judges concurred.