[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue presented by the plaintiffs' Motion for Contempt is whether the defendants, Carl Morello and Genco Construction Co., Inc., have properly invoked the privilege of self-incrimination under the fifth amendment and Conn. Gen. Stat. 52-199 as a reason for noncompliance with discovery requests. The court concludes that, to the extent that the defendants have asserted the privilege on behalf of the corporate entity, they are not entitled to resist either the subpoena duces tecum demanding production of corporate documents or deposition questions pertaining to corporate documents or activities.
The plaintiffs have brought this action in their capacity as trustees of the Health Fund, Pension Fund, Legal Services Fund, Annuity Fund and Training Fund. The defendants are Genco Construction Co., (hereinafter "Genco") and Carl Morello and Angelo Morello, Jr. officers and/or directors of Genco. CT Page 3754
The plaintiffs allege in the first count that Genco had "accepted, approved, and became a party to and agreed to abide by all terms and conditions of certain Collective Bargaining Agreements" which provide for employer contributions to the funds "for each hour worked by each employee covered thereunder." According to the plaintiffs, Genco `has neglected and refused to make payments to said Funds pursuant to the Acceptances of Agreements and Declarations of Trusts, and is liable to the plaintiffs in a sum estimated at $37,093.55 for hourly contributions to the Funds for the period January 1, 1986 through July,*198.*" Also, the plaintiffs claim that Genco is liable for interest, liquidated damages, and all costs of collection including reasonable attorney's fees.
Count two incorporates the first count and further alleges that Carl and Angelo Morello, Jr. are personally liable as officers and/or directors pursuant to Conn. Gen. Stat. 31-89a(b).
Plaintiffs are seeking, through discovery, production of Genco's payroll books and records. On March 6, 1990, plaintiffs made a request for disclosure (#103) and on March 15, 1990, defendants moved for a 30-day extension of time to comply with plaintiffs' request. This extension was granted on April 2, 1990. (Flanagan, J.). On July 23, 1990, plaintiffs filed a motion for sanctions for failure to disclose.
On November 19, 1990, an order was entered that "[d]isclosure shall be made no later than 10:00 A.M. 12/14/90." (McKeever, J.) (See #106 and order attached). Defendants filed a motion for extension of time on December 17, 1990, requested an additional 14 days to respond. This motion was denied on December 31, 1990 (Dorsey, J.).
On December 31, 1990, the defendant, Carl Morello, moved pursuant to Conn. Practice Bk. 250A that the proceedings be stayed as bankruptcy has been filed. There is no indication that this motion was ruled on. It is noted that, on p. 13 of the deposition transcript, Morello responds that the corporation has not filed for bankruptcy, but rather he has filed individually along with his wife. On or about January 15, 1991, the plaintiffs filed a Notice of Deposition and issued a subpoena duces tecum to Carl Morello, President of Genco, (See Exhibit A) requesting all corporate records of Genco. The defendants did not produce these records at the deposition on February 1, 1991. The plaintiffs then filed a Motion for Contempt (#114) dated February 5, 1991.
In the plaintiffs' brief in support of their motion for contempt, the plaintiffs state that, in addition to the nonproduction of the payroll books, records and other documents, CT Page 3755 which were the subject of the court order, and the subpoena duces tecum, many questions about corporate matters addressed to Carl Morello during his deposition met with a refusal to answer based on a claim of privilege under the fifth amendment to the U.S. Constitution. The plaintiffs contend that a private corporation, is not protected by the constitutional privilege against self incrimination under the fifth amendment citing United States v. White, 322 U.S. 694 (1944). Moreover, they argue that an officer or director of a private corporation cannot claim fifth amendment protection with respect to producing documents of the corporation citing George Campbell Printing Corp. v. Reid, 392 U.S. 286
(1968).
The defendants counter that representations were made to them that any information obtained in this civil proceeding regarding ERISA violations would be used as a basis for pursuing criminal sanctions against the defendants. The defendants contend that the defendant, Carl Morello, has a constitutional right to refuse to disclose potentially self-incriminating information. Furthermore, the defendants argue that, pursuant to Conn. Gen. Stat. 52-199, the privilege against self-incrimination has been codified in Connecticut. The defendants contend that Morello asserted thefifth amendment not on behalf of the corporation, but in his own individual capacity. The defendants cite Conn. Gen. Stat. 31-89a
and several ERISA Statutes which would purportedly impose criminal sanctions on the defendants. Therefore, the defendants assert that, because Morello is personally at risk for criminal violations, he has a right to invoke the fifth amendment. Finally, the defendants contend that the Third Circuit in In Re Grand Jury Matter Appeal of James Gilbert Brown, 768 F.2d 525
(1985), found that merely producing documents is often incriminatory and can be protected by the fifth amendment.
In reply, the plaintiffs urge the court to note that the subpoena duces tecum was directed to Carl Morello, "President of Genco Construction Co., Inc." and seeks only "corporate records." The plaintiffs also counter that the Brown case applies to authentication not production and that, as noted in Brown, this is not the law of the second circuit. Furthermore, the split between the circuits was addressed in Braswell v. U.S., 108 S.Ct. 2284
(1988), wherein the court held that "the custodian of corporate records may not resist a subpoena for such records on the ground that the act of production will incriminate him in violation of the Fifth Amendment." Finally, the plaintiffs, dispute some of the defendants' factual representations.
"[The Fifth Amendment] can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosure that the witness reasonably believes could be used in a criminal CT Page 3756 prosecution or could lead to other evidence that might be so used." State v. Biller, 190 Conn. 594, 600 (1983), quoting, Kastigar v. United States, 406 U.S. 441, 444-45 (1972). TheFifth Amendment may be invoked in a pretrial proceeding such as a deposition. Penfield v. Venuti, 589 F. Sup. 250, 255 (D.C.Conn. 1984); Westport National Bank v. Wood, 31 Conn. Sup. 266, 268
(1974). It is well established that a corporation has noFifth Amendment privilege. Biller, 190 Conn. at 600. TheFifth Amendment privilege against self-incrimination is "limited to is historic function of protecting only the natural individual from compulsory incrimination through his own testimony or personal records." Lieberman v. Reliable Refuse Co., 212 Conn. 661, 668
(1989), citing, inter alia, United States v. White, 322 U.S. 694,701 (1944); Braswell v. United States, 487 U.S. 99 (1988); and Wilson v. United States, 221 U.S. 361 (1911).
In Braswell v. United States, 487 U.S. 99, 100,108 S.Ct. 2284, 2286 (1988), the Court addressed the issue of "whether the custodian of corporate records may resist a subpoena for such records on the ground that the act of production would incriminate him in violation of the Fifth Amendment." The Court noted that certiorari was granted to resolve a conflict among the Courts of Appeals. Id. at 102, 108 S.Ct. at 2287. The Court found that Braswell, who was president of the corporation and operated his business as a sole proprietorship, could not, as the custodian of corporate records, resist the subpoena for corporate documents on the ground that the act of production might tend to incriminate him. Id. at 119, 108 S.Ct. at 2295.
In Lieberman v. Reliable Refuse Co., 212 Conn. 661, 662
(1989), the Connecticut Supreme Court addressed the issue of whether a corporation under investigation for antitrust violations may invoke the privilege against self-incrimination pursuant to Conn. Gen. Stat. 52-199 to avoid compliance with interrogatories and a subpoena duces tecum issued by the attorney general. Conn. Gen. Stat. 52-198 provides:
 If a corporation is party to an action, the opposite party may examine the president, treasurer, secretary, clerk or any director or other office thereof in the same manner as if he were a party to the suit.
Pursuant to Conn. Gen. Stat. 52-199:
 (a) In any hearing or trial, a party interrogated shall not be obligated to answer a question or produce a document the answering or producing of which would tend to incriminate him, or to disclose his title to any property if the title is not material to CT Page 3757 the hearing or trial.
 (b) The right to refuse to answer a question, produce a document or disclose a title may be claimed by the party interrogated or by counsel in his behalf.
In Conn. Gen. Stat. 52-198, the legislature recognized that the legal entity known as a corporation could not speak for itself but only through its agent Lieberman, 212 Conn. at 673. After an extensive analysis of the two statutes, the court found that Conn. Gen. Stat. 52-199 does not grant a corporation a privilege against self-incrimination. Id. at 667.
In this case, the defendants argue that they are not asserting the privilege on behalf of the corporation, but rather the privilege is being asserted on behalf of the individual defendant, Carl Morello. The subpoena duces tecum (Plaintiff's Exhibit A) requests the following: all corporate records of the defendant Genco Construction Co., Inc., including minutes of meeting; all payroll sheets of the defendant employer from November 1, 1985 to the present date; all unemployment compensation tax returns from the employer to the State of Connecticut from November 1, 1985 to the present date; all remittance reports filed or due from the employer to the Connecticut Laborers' Fund Office for the period from November 1, 1985 to the present.
To the extent that the plaintiffs are requesting corporate documents and to the extent that the defendants are asserting thefifth amendment on behalf of the corporate entity, under the decision in Braswell and Lieberman, the defendant, Carl Morello, may not resist the subpoena duces tecum and claim thefifth amendment on behalf of the corporation nor mr may he claim, on his own behalf, the fifth amendment privilege as to the corporate records requested in the subpoena. Further the defendant, Carl Morello, in his capacity as corporate officer is not entitled to refuse to answer the questions posed by Attorney Gibson at the February 1, 1991 deposition, also by authority of Braswell and Lieberman. Of course, the defendant, Carl Morello, may assert the privilege, if appropriate, as to question extending beyond inquiry about corporate records and activities.
Civil contempt is a remedial measure employed to coerce the defendant into compliance with the court's order and/or to compensate the complainant for losses sustained. DeMartino v. Monroe Little League, Inc. 192 Conn. 271, 278 (1984). The fact that a court order has not been fully complied with does not dictate that a finding of contempt must enter. Marcil v. Marcil,4 Conn. App. 403, 405 (1985). The court has the discretion to CT Page 3758 deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court order. Id. The claim of privilege asserted in this case is a sufficient basis for the defendants' failure to comply with the original order.
Accordingly, the motion for contempt is denied. However, the defendants are ordered to produce at a deposition all documents requested in the subpoena duces tecum dated January 15, 1991 and to answer all questions pertaining to corporate records and activities, including the questions posed at the previous deposition. The deposition shall be resumed at a time and place specified in a Notice of Deposition to be issued by plaintiff's counsel.
Barry R. Schaller, Judge.