[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S APPEAL.
The defendant has filed an appeal to the Superior Court from the decision of the Family Support Magistrate ordering the defendant incarcerated until he purged himself of his contempt by paying the sum of $7,600.00. It is the defendant's claim on his appeal that the magistrate exceeded his authority in ordering the defendant's incarceration, that the magistrate erred in ordering the defendant's incarceration without a finding on the record that he had an ability to pay the $10,000.00 that had been ordered paid, that the magistrate erred in ordering incarceration in violation of the defendant's due process rights as guaranteed by the Constitution of the CT Page 6651 United States, that the magistrate erred in ordering incarceration without prior warning of incarceration to the defendant, and that he erroneously believed and stated that the defendant was before him on a contempt citation when none existed.
The defendant's appeal was filed in this court on June 18, 1991 pursuant to the provisions of 46b-231 (n) of the General Statutes. It came before the court to be heard on July 3, 1991, at which time the defendant represented by his attorney filed a brief, indicated that there was no further evidence to be introduced, and plaintiff's counsel declined to file a brief.
Before considering this matter, it is important to have a detailed, factual background.
On November 18, 1987 a judgment of dissolution of marriage was entered by this court (F. Freedman, J.). The defendant was ordered by that judgment to pay to the plaintiff the sum of $500.00 per week as unallocated alimony and support.
On July 18, 1989, the defendant filed a motion for modification. Plaintiff filed a request for disclosure and production which was complied with on September 1. The depositions of the parties were taken on October 6, 1989, financial affidavits filed on November 30, 1989, and a hearing held on December 1, 1989, January 19, 1990, and February 2, 1990. By Memorandum of Decision dated March 5, 1990, Magistrate Sullivan found that the defendant had failed to show a substantial change in circumstances, denied the defendant's motion for modification, found an arrearage in lump sum alimony of $6,272.00, an arrearage in unallocated alimony and support of $5,000.00 and ordered counsel fees in the amount of $2,500.00.
On March 16, Magistrate Sullivan ordered the lump sum paid by May 18, 1990, attorney's fees paid by April 20, 1990, and $50.00 per week to be paid on the arrearage effective March 16, 1990. On May 18, 1990, the balance of the $6,272.00 lump sum alimony was paid.
On September 13, 1990, an application by the State of Connecticut on behalf of the plaintiff was made for a contempt order claiming an arrearage of $8,700.00 as of September 7, 1990. A hearing was scheduled for November 8, 1990. The defendant appeared and paid $2,000.00, an arrearage of $9,150.00 was found as of November 8, 1990, and the case continued to December 13, 1990. On December 12, the defendant filed a motion for modification. On December 13, the defendant failed to appear and a capias was ordered by Magistrate Sullivan. On February 7, 1991, the capias was vacated and the case continued to February 15. On February 15, the order for capias was CT Page 6652 reissued but stayed to February 22. On February 22, the case was continued to March 22. On that date, the defendant paid $1,700.00, and the case was continued to April 12, 1991.
On May 3, 1991, the defendant's motion for modification was denied for failure on his part to show a substantial change in circumstances since the judgment of November 18, 1987. On the motion for contempt, the magistrate (E. H. Miller) found that the defendant "has utter and total disregard for the orders of this court."
In his memorandum of May 7, 1991, the magistrate found that the defendant had "dissipated" funds and found such conduct "unacceptable." He further found that the defendant had a fully viable carting and hauling business which has assets and was generating revenues. The magistrate noted, further, that the defendant "had the burden of proving that there was no contempt," that "inability to pay particularly when the diminished capacity of defendant is involuntary is a defense to a contempt proceeding," and "in light of the credible evidence offered, this court cannot find such a viable defense." The magistrate found an arrearage of $17,800.00 as of May 3, 1991, and ordered $10,000.00 paid into Support Enforcement on or before June 13, 1991.
No appeal was taken from the magistrate's denial of the motion for modification. No appeal was taken from the magistrate's decision on the motion for contempt.
On June 13, 1991, Magistrate Miller found the defendant in contempt of the orders in his Memorandum of Decision of May 7 for failure to pay the $10,000.00 ordered to be paid on or before June 13. (Transcript, p. 7.) The defendant paid $2,400.00 upon the arrearage. The magistrate ordered him incarcerated and set a purge amount of $7,600.00.
The question presented raises the question of the power of the magistrate to enforce his orders by contempt powers as set forth in 46b-231(m)(7) of the General Statutes. Before reaching this question, there are certain other issues raised by the defendant in his appeal that must be disposed of.
As to reason number five, that is that the magistrate believed that the defendant was before him on a contempt citation when none existed, this reason was not pursued in the defendant's brief and, therefore, is treated as abandoned. On page two of the transcript of proceedings, the magistrate does say that the defendant was back on a contempt citation. Technically, he was back on the magistrate's order contained in his memorandum of decision. Whether back by citation or court CT Page 6653 order makes little difference in the nature of this proceeding. The defendant was before him and represented by counsel. The fact that he was there not by citation made no difference in the power of the magistrate to deal with contempt.
In reason for appeal number two, the defendant claims that the magistrate erred in ordering incarceration without a finding that there was a present ability to pay the $10,000.00 as ordered. Having heard this matter on May 3rd on both the motion for contempt and the defendant's motion for modification, the magistrate knew the nature of the defendant's business. From the file he could determine the long history of this case in the Family Magistrate's court. On the evidence, he concluded that the defendant had the ability to purge himself. He found the defendant had an utter and total disregard of the court's orders; he found that the defendant had a fully viable carting and hauling business with assets and which business was generating revenues; and he found that the defendant had no "viable defense" to the motion. While the magistrate did not find in exact worths that the defendant had the ability to pay the $10,000.00 ordered, he could fairly conclude that the defendant had that ability. Reason for appeal number two is, therefore, overruled.
The defendant, in reason for appeal number three, claims that the magistrate violated the defendant's due process rights as guaranteed under the United States Constitution. In challenging the constitutionality of a statute, it is the challenger's burden to prove that the effect or import of the challenged statute adversely affects a personal constitutionally protected right. DiBerardino v. DiBerardino, 213 Conn. 373, 383
(1990). If the defendant is claiming that his rights to due process under the Fourteenth Amendment to the United States Constitution have been violated, this has not been claimed as such. He has been afforded due process by the hearing before the magistrate. It has long been held that imprisonment for failure to meet certain obligations arising from the marital relationship does not fall within the constitutional prohibition that one cannot be imprisoned for failure to pay debts. 16A Am.Jur.2d 622; 24 Am.Jur.2d 961; Lyon v. Lyon, 21 Conn. 184,198 (1851). Except to the extent that the defendant's claim of error in reason of appeal number three exists in reason number three is overruled.
Reason for appeal number four raises the issue of lack of prior warning of potential incarceration. Prior warning was certainly given to the defendant on June 13, 1991. (See transcript, page 7 and again on page 9.) While the defendant has raised this as a reason for appeal, the matter was not pursued in the defendant's brief. The court, therefore, CT Page 6654 considers this issue abandoned. If it not be so, the court knows of no authority requiring prior warning to the defendant and, as previously found, the magistrate gave prior warning.
Reason for appeal number one is the real issue in this case. It is the defendant's claim that the magistrate exceeded his authority in ordering the defendant's incarceration. That authority comes from 46b-231 (m)(7) of the General Statutes. It is the defendant's claim that this provision of the statutes is unconstitutional and that the legislature exceeded its authority in enacting P.A. 89-360, Section II, which gave the family support magistrates the power to incarcerate.
The question is whether the legislature has delegated, powers to a "lower" or "inferior" court reserved to the Superior Court. The controlling provisions of the state constitution which affects this question are contained in Articles Second and Fifth. Section One of Article Fifth of the Constitution after the change in 1965 reads as follows:
 The judicial power of the state shall be vested in a supreme court, a superior court, and such lower courts as the General Assembly shall, from time to time, order and establish. The powers and jurisdiction of these courts shall be defined by law.
For a complete history of the opinions on this issue see the opinion of Chief Justice House in the case of Szarwak v. Warden,167 Conn. 10 (1974). Of more recent origin, we have the decision of the Supreme Court regarding the constitutionality of the Court of Common Pleas [Walkinshaw v. O'Brien, 130 Conn. 122
(1943)]; the decision considering the constitutionality of the probate courts [Adams v. Rubinow, 157 Conn. 150 (1968)]; the decision concerning the constitutionality of the circuit courts [Szarwak v. Warden, 167 Conn. 10 (1974)]; the decision concerning the constitutionality of state trial referees [Monroe v. Monroe, 177 Conn. 173 (1979)]; the decision concerning the constitutionality of attorney trial referees (Seal Anchor, Inc. v. Bozak, 199 Conn. 496 (1986)]; the decision concerning the constitutionality of the magistrate court [DiBerardino v. DiBerardino, 213 Conn. 373 (1990)].
The defendant, having been found in contempt and having been civilly punished for his contempt by incarceration, does have proper standing to raise the issue of constitutionality. Section 46b-231 (b) of the General Statutes defines the Family Support Magistrate Division and defines Family Support Magistrates. In the definition of the Family Support Magistrates Division, it is stated that this is a CT Page 6655 division of the superior court, created for the purpose of establishing and enforcing child and spousal support in IV (e) cases utilizing quasi-judicial proceedings. (Emphasis supplied.) A Family Support Magistrate means a person appointed as provided in subsection (f) of this section (appointed by the governor for a three year term and shall devote full time to his duties and shall not engage in the private practice of law) to establish and enforce child and spousal support orders.
Under the provisions of 46b-231 (m)(7), the Family Support Magistrate is charged with enforcing child and spousal support orders in IV-D support cases by citing in obligors for contempt, may require bonds to ensure appearance, may order incarceration for failure to post bond, may order a capias mittimus for the arrest of the obligor and may make such orders as provided by law to establish and support obligations including the power of ordering incarceration.
It is the plaintiff's claim that the legislature has taken powers away from the judges of the superior court so that the statute is unconstitutional.
As previously noted, the Supreme Court has already ruled that the role of the magistrate under 46b-86 (c) of the General Statutes is constitutional. The supreme court, however, left "for another time a determination of the constitutionality of 46b-231 (m)(4) when a family support magistrate exercises greater authority" than making a finding of fact and report to the court. DiBerardino v. DiBerardino, 213 Conn. 373, 378
(1990). We now have that "other time" in which the constitutionality of 46b-231 (m) is raised.
As was noted by Chief Justice House in the case of Szarwak v. Warden, 167 Conn. 10, 38 (1974), "The indispensible requirement which, if observed, accompanies the apportionment of jurisdiction with no offense to the constitutional intendment is that the legislatively ordained courts be inferior to the superior court." As was stated by Justice Hamersley in Walkinshaw v. O'Brien, 130 Conn. 122, 135-136, ". . . the power in the legislature to establish inferior courts necessarily involves the apportionment of jurisdiction between them and the superior court, for, as the jurisdiction for the latter is unlimited, any vesting of jurisdiction in any inferior court must necessarily take something from the jurisdiction the superior court would otherwise have had." As was stated by Justice House in Szarwak, Id. 39-40, ". . .the test. . .is one of degree."
In Szarwak the Supreme Court ruled that jurisdiction of the circuit court in criminal cases to sentence to a maximum of $5,000.00 or imprisonment for not more than five years, or CT Page 6656 both, took too much from the superior court's jurisdiction.
Section 46b-231 (n) provides an appeal procedure from the family support magistrate to the superior court. The superior court may affirm the decision of the family support magistrate or remand the case for further proceedings. The court may also reverse or modify the decision if substantial rights of the appellant have been prejudiced because the family support magistrate's decision violated constitutional or statutory provisions, exceeded his authority, was based upon unlawful procedure, affected by other errors of law, was clearly erroneous, or arbitrary, capricious, characterized by abuse of discretion or demonstrated a clearly unwarranted exercise of discretion [46b-231 (n)(7)].
It is the appeal procedure to the superior court as provided by the statute that results in no loss of jurisdiction of the superior court to a "lower court." This court rules that for this reason the statute is not unconstitutional.
Finally, one must look to the duties of the family support magistrate division. It is, as previously noted, to establish and enforce child and spousal support orders, the magistrate's duties to establish and enforce child and spousal support orders. Without the power to incarcerate under the provisions of 46b-231 (m)(7), the magistrate would be virtually powerless and would be ineffective in enforcing the support orders.
For all of the foregoing reasons, this court finds the statute in question constitutional. The decision of the family support magistrate incarcerating the defendant-appellant is affirmed.
EDGAR W. BASSICK, III, JUDGE