[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS #153, 142 AND 159
The parties have filed various motions and the hearing was held before the undersigned in connection therewith. The motions that the court has considered are as follows:
 I. Motion for Modification and Termination of Alimony (#153), dated December 16, 1993;
II. Motion for Child Support (142), dated August 16, 1993;
III. Motion for Contempt (#159), dated May 9, 1994. CT Page 7199
The defendant's employment was terminated in February of 1994, and thereafter, he received eight (8) weeks of severance pay, which concluded on April 11, 1994. He has not, as of the date of the last hearing, obtained employment, although he testified he is making a diligent effort to do so. Since the date employment terminated, the defendant has received other monies in addition to his severance pay, $5,500.00 vacation pay, $2,800.00 refund from the I.R.S., and other monies, approximately $2,500.00 from deferred money market account. The defendant is presently receiving unemployment compensation benefits in the amount of $317.00, and pension benefits from prior employment in the amount of $191.73 per week.
Under the terms of the separation agreement, dated January 16, 1992, which was incorporated by reference into the decree, the defendant was to pay certain monies to the plaintiff, presumably from the sale of real property known as 200 Porter Hill Road, Middlebury, Connecticut. Under the terms of that agreement, the defendant was to list said property up for sale. Defendant's exhibit 2 submitted at hearing is a broker's listing agreement with the Nancy Bova Real Estate Agency, effective dates of 10/31/93 through 10/31/94. Testimony was elicited that the defendant entered into a lease for said premises commencing December 1, 1993 and terminating on December 1, 1995 (plaintiff's Exhibit 1) which lease is still in effect. The defendant is receiving as supplemental income on said premises the sum of $1,500.00 per month. At the present time, there is no sale sign erected at the Porter Hill premises. The defendant is presently renting housing which he occupies with his older daughter, Jennifer. The younger daughter, Katelynn, resides with the mother. At the present time, the parties have joint custody, physical custody of the older daughter with the father, and the younger daughter with the mother.
I. Modification and Termination of Alimony (#153)
The court finds that for whatever reason, the defendant is no longer employed and therefore, at the present time, is not a wage earner. Mr. Toegel has paid his alimony payments through the period that he was receiving his severance benefits which terminated on April 11, 1994. Under paragraph N of the separation agreement, dated January 16, 1992, which was incorporated into the decree of final dissolution, the parties agreed that alimony would continue until December 31, 1995, but CT Page 7200 would be modifiable if the husband lost full time employment or experienced a 30% decline in his weekly wages. The court has already found that the husband has lost full time employment, and at the present time, is receiving no weekly wages at all. The agreement further provides that after hearing, the court may establish a "fair and equitable award of alimony based on the parties' circumstances."
Because the agreement specifically mentions wages, and not income as a basis for "modifying alimony", and the defendant is no longer earning wages, the court will "modify alimony" as follows: Defendant's alimony obligation is suspended from April 11, 1994 until defendant begins earning wages (commencing with his first pay check). That period will be added to the date his obligation to pay alimony terminates under the agreement (December 31, 1995). The court finds that the suspension of alimony during the period of unemployment is a fair and equitable resolution of the present circumstances.
II. Motion for Child Support (#142)
Although the defendant is not earning any wages, he does have income, including the rental income of his residence. His obligation of support, unlike alimony, is not tied to his "wages", and therefore, the court will order that the defendant husband commence making support payments in the amount of $72.00 per week to the plaintiff wife.
III. Motion for Contempt (#159)
The plaintiff's motion for contempt, dated May 9, 1994, raises three issues: 1. Failure to pay alimony; 2. Failure to keep medical insurance in effect; 3. Failure to pay interest on a $20,000.00 note and bad faith in leasing the family residence. Contempt is a "wilful" failure to comply with a court order.Marcil v. Marcil, 4 Conn. App. 403, 405. The court does not find that the actions of the defendant involving alimony, medical insurance or the leasing of the residence as wilful. Therefore, the court will deny the plaintiff's claim of contempt.
In paragraph 10 of the agreement, the defendant had the right to seek modification at the time that he experienced a decline in weekly "wages" He has sought that modification, which the court has addressed above. His actions were not wilful. CT Page 7201
Although there was some evidence that the plaintiff had trouble with regard to filling one prescription, there was no evidence that her medical insurance was terminated, and/or at the present time, is terminated.
The plaintiff also claims that the defendant has failed to pay interest on a $20,000.00 note. No evidence of the defendant's obligation to pay said note, nor the defendant's refusal to pay that interest was presented to this court.
There was testimony about the leasing of the residence and the failure of the defendant to keep the residence (200 Porter Hill Road, Middlebury, Connecticut) on the open market. The court accepts the defendant's testimony that the premises is still subject to a listing agreement, which was evidenced by defendant's Exhibit 2. The court accepts the defendant's testimony that his action in leasing the premises was merely to protect what equity remains in said premises, which in effect, protects the equitable interests of the plaintiff. In the event the defendant did not take this action, the residence might have been foreclosed and there would be little or no hope that the plaintiff would receive monies due to her under paragraph 19 of the separation agreement.
In accordance with the above, the court therefore suspends the defendant's obligation to pay alimony and will order that the defendant will pay to the plaintiff child support for said minor child, Katelynn, in the amount of $72.00 per week, and will deny the plaintiff's motion for contempt.
/s/ Pellegrino, J. _________________ PELLEGRINO