[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal was filed by the defendant pursuant to General Statutes § 46b-231 (n), from a decision of the Family Support Magistrate (Lifshitz) finding the defendant in contempt of court. The Magistrate committed the defendant to the custody of the Commissioner of Corrections until he purged the contempt by paying one thousand five hundred dollars ($1500) toward an CT Page 8412 arrearage in excess of thirty-five thousand dollars ($35,000).
The defendant does not dispute the finding of contempt. He does, however, claim that the incarceration and setting of a $1500 purge figure is contrary to the evidence presented and the Magistrate's findings were arbitrary, capricious, and an abuse of discretion.
The defendant has failed to meet his burden of proof on appeal. Therefore, defendant's appeal is dismissed.
FACTS
This case has a long and involved history with this court and the Magistrate's court. To a great degree, all reasonable efforts to have the defendant make his court-ordered support payments have failed. Various magistrates have given the defendant substantial opportunity to secure employment, so the orders could be paid. The defendant has failed to maintain employment for any significant amount of time. His arrearage hit a high of $40,920 as of July 30, 1991.
In 1993 and 1994 this case appeared in the Magistrate's court approximately 15 times. Mr. Hine's history with the Magistrate court was one of unfulfilled promises and lies. Magistrate Lifshitz made that quite clear in his comments to Mr. Hine at the February 1, 1994 hearing. (Transcript February 1, 1994, pages 42-43). Magistrate Lifshitz once again on July 26, 1994 indicated that he found Mr. Hine not to be credible. (Transcript July 26, 1994 pages 6, 7, 8, and 25). [Note: A copy of the July 26, 1994 transcript is attached to defendant's August 8, 1994 Memorandum of Law].
The Magistrate also made findings that Mr. Hine wilfully violated the court orders (Transcript July 26, 1994, pages 23 and 24). At the August 8, 1994 hearing with this court, defendant's attorney, William Collins, stipulated that the contempt finding was correct, and he was not appealing that finding. The only issue in this appeal is whether the punishment and setting a $1500 purge figure was proper.
The Magistrate found that Mr. Hine had a five hundred dollar payment from his workman's compensation case, which he substantially dissipated before the July 26, 1994 hearing. By his own testimony, Mr. Hine spent nearly four hundred of the five CT Page 8413 hundred dollar payment on his personal bills, rather than the support arrearage. (Transcript July 26, 1994, pages 23 and 24). The Magistrate also made a finding that Mr. Hine's income was in excess of his necessary expenses and therefore, he could have been saving money weekly to apply toward the purge figure. (The purge figure of $1500 was originally set on January 11, 1994). The Magistrate found that the defendant failed to apply the bulk of the $500 workman's compensation check, and failed to save money weekly toward the $1500 purge. If the defendant did not have $1500 on July 26, 1994, it was because he intentionally manipulated his finances between January, 1994 and July, 1994, so he would not have $1500.
Based upon these findings, the Magistrate found that the defendant failed to meet his burden of proof that he did not have the ability to pay the purge of $1500. Since the Magistrate found the defendant was not truthful, he also was justified in not believing defendant's sworn financial affidavit. The Magistrate also noted that defendant showed a value of $500 for his car, which could be sold or used for collateral for a loan. (Transcript, July 26, 1994, page 25).
Mr. Hine apparently did have access to $1500, since he paid the purge figure sometime prior to the August 8, 1994 hearing on the appeal. Furthermore, a purge figure of 5% of an arrearage as large as this is quite reasonable.
LAW
I. Elements of a Contempt Claim re: Child Support
"`To find a party in contempt, a trial court must conclude that a party has disobeyed an order of the court. Contempt is a disobedience to the rules and orders of a court which has power to punish for such an offense . . . . A civil contempt is one in which the conduct constituting the contempt is directed against some civil right of an opposing party and the proceeding is initiated by him.'" Schwab v. Schwab, Superior Court, Judicial District of Ansonia/Milford at Milford (December 29, 1993, Jones,J.), quoting Castro v. Castro, 31 Conn. App. 761, 764,627 A.2d 452 (1993).
"Contempt proceedings are a proper means of enforcing a court order of child support." Mulholland v. Mulholland, 31 Conn. App. 214,220, 624 A.2d 379 (1993). "In order to hold one in contempt CT Page 8414 for violation of [such] a court order, [however], it must be shown that the alleged contemnor wilfully disobeyed the order." (Emphasis added.) Schwab v. Schwab, supra, see also Turgeon v.Turgeon, 190 Conn. 269, 282, 460 A.2d 1260 (1983); Connolly v.Connolly, 191 Conn. 468, 483, 464, A.2d 837 (1983); Mulholland v.Mulholland, supra, 31 Conn. App. 220.
The Connecticut Supreme Court has held that Family Support Magistrates are empowered by statute to find someone in contempt of court and to punish that person for the contempt. General Statutes § 46b-231 (m)(7). Perry v. Perry, 222 Conn. 799
(1992). That court also found that authority to be constitutional. Id. at 815.
II. Defense to a Contempt Claim — Inability to Comply
As noted above, "a wilful failure to comply with an outstanding court order may constitute a civil contempt." Marcilv. Marcil, 4 Conn. App. 403, 405, 494 A.2d 620 (1985). However, "`[a] finding of contempt depends upon the facts and circumstances surrounding it.'" Marcil v. Marcil, supra, 4 Conn. App. 405, quoting Dukes v. Durante, 192 Conn. 207, 228,471 A.2d 1368 (1984). "These facts and circumstances may include an inability to obey an order of the court," Schwab v. Schwab, supra; because "`[t]he inability of . . . [a] defendant to obey an order of the court, without fault on his part, is a good defense
to a charge of contempt.'" (Emphasis added). Turgeon v. Turgeon,supra, 190 Conn. 283, quoting Tobey v. Tobey, 165 Conn. 742, 746,345 A.2d 21 (1974). "The burden of proving such inability lieswith the delinquent party." (Emphasis added.) Leslie v. Leslie,174 Conn. 399, 403, 389 A.2d 747 (1978), citing 17 Am.Jur.2d, Contempt, § 51.
"One of the remedies available to a court that finds a party in civil contempt due to that party's failure to pay court ordered support or alimony is the confinement of the contemnor until the contempt is purged." Emerick v. Emerick, 28 Conn. App. 794,797, 613 A.2d 1351 (1992), citing General Statutes §46b-87.
III. Standard of Review — Appeal from Family Magistrate
"Section 46b-231(n) provides an appeal procedure from the family support magistrate to the superior court. The superior court may affirm the decision of the family support magistrate or CT Page 8415 remand the case for further proceedings. The court may also reverse or modify the decision if substantial rights of the appellant have been prejudiced because the family support magistrate's decision violated constitutional or statutory provisions, exceeded his authority, was based upon unlawful procedure, affected by other errors of law, was clearly erroneous, or arbitrary, capricious, characterized by abuse of discretion or demonstrated a clearly unwarranted exercise of discretion." Perry v. Perry, 6 CSCR 807, 808 (July 29, 1991, Bassick, J.), aff'd, 222 Conn. 799, 611 A.2d 400 (1992), citing General Statutes 46b-231(n)(7). See also Herbert v. Williams, Superior Court, Judicial District of Bridgeport, (May 18, 1992,Karazin, J.) ("a decision of a family magistrate may be reversed or modified if clearly erroneous, arbitrary or capricious or characterized by abuse of discretion").
In this case however, the court finds that the Magistrate acted properly and his decision is supported by the facts established at the July 26, 1994 hearing. The Magistrate was correct in finding that the defendant failed to meet his burden of proof as to his alleged inability (1) to pay the court orders and (2) to pay the lump sum payment of $1500. Turgeon v.Turgeon, supra 190 Conn. at 283.
The fact that the defendant purged himself of contempt and was released from jail before the hearing on his appeal does not render the issue moot. Perry supra at 803. The defendant is likely to face this same issue at some time in the future. Id.
Conclusion
The defendant's appeal is dismissed, based upon the record in this case, including the transcript of July 26, 1994 and the clerk's notes in the file regarding past court appearances, from November, 1993 to July, 1994. The defendant failed to meet his burden of proof that the Magistrate's decision was not supported by the evidence in this case. The defendant also failed to establish that the Magistrate's decision was arbitrary, capricious, or an abuse of his discretion.
BY THE COURT,
Honorable Jonathan J. Kaplan Superior Court Judge CT Page 8416