[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S POST JUDGMENT MOTION FOR FINDING OF ARREARAGE AND MOTION FOR CONTEMPT (DOCKET ENTRIES NO. 133.00 AND 133.50)
The defendant filed a Motion for Finding of Arrearage, Order of Payment and Motion for Contempt. Said motion alleges that the plaintiff has unilaterally deducted $100.00 from each monthly payment in direct violation of the order of this court. It is undisputed that the plaintiff deducted $100.00 per week from July 19, 1997 to May 22, 1998. Sarah, the older of the two daughters for whom support had been ordered, graduated from high school, turned 19 on June 18, 1997 and moved to North Carolina on or about July 17, 1997. (See plaintiff's exhibit A and defendant's exhibit 1.) The plaintiff unilaterally decided that the $333.00 per week support order ought to be less.
In order to constitute contempt, a party's conduct must be wilful. Connolly v. Connolly, 191 Conn. 468, 483 (1983). "It is within the sound discretion of the court to deny a claim for contempt when there is an adequate factual basis to explain the failure to honor the court's order." Marcil v. Marcil,4 Conn. App. 403, 405 (1985). The court finds an adequate factual basis to explain the plaintiff's failure to honor the court's order.
With regard to an arrearage, as noted in the court's memorandum regarding modification, the court does find an arrearage to July 3, 1998 of $5,537.50 consisting of past due alimony of $3,082.50 and past due support of $2,455. The court orders that the plaintiff pay to the defendant on said arrearage CT Page 7889 Thirty ($30.00) Dollars per week on the support arrearage and Twenty-five ($25.00) Dollars per week on the alimony arrearage and orders an immediate order for wage withholding to secure said payments.
So much of the motion as seeks that the plaintiff be held in contempt is denied. So much of the motion as seeks a finding of arrearage and order of payment is granted as set forth above.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE