## MILDRED D. BUNCHE v. OSCAR A. BUNCHE
### (12670)

O'CONNELL, FOTI and CRETELLA, Js.

Argued September 22—decision released December 13, 1994

*Stephen E. Nevas,* with whom, on the brief, was *Leo Nevas,* for the appellant (plaintiff).

*Glen A. Canner,* for the appellee (defendant).

FOTI, J. The plaintiff appeals from the orders issued by the trial court incident to her motion to have the defendant adjudged in contempt, and from the denial of her requests for statutory interest and attorney's fees.[1] On appeal, the plaintiff asserts that the trial court

---

[1] The plaintiff filed a cross appeal after the defendant filed his appeal on July 16, 1993. On October 25, 1993, the defendant's appeal was withdrawn, leaving the plaintiff's cross appeal, which became the present appeal.

improperly (1) refused to find the defendant in contempt, (2) failed to assess statutory interest against the defendant, and (3) disallowed attorney's fees. We reverse the judgment in part and remand the case for a new hearing.

The record discloses the following facts. The parties were divorced on September 7, 1977. As part of that judgment, the defendant was ordered to pay the plaintiff $1000 per month as unallocated alimony and child support, to be reduced to $666.67 per month as alimony when the minor child reached majority. This order was unlimited as to time. The defendant is a senior executive for IBM.

On January 4, 1993, the court found the defendant to be in arrears on his alimony payments from 1984 through 1992 in the amount of $44,668. The defendant continually failed to pay both the arrearage and his monthly support obligation. The plaintiff then filed a motion against the defendant for contempt and for wage withholding. At the July 12, 1993 hearing on that motion, the court found the arrearage had increased to $49,334.69. The defendant and his counsel walked out of the hearing in protest of the court's assertion of jurisdiction.[2] At the close of the hearing, the court denied the plaintiff's motion for contempt, denied her request for statutory interest, as well as her request for attorney's fees. The court did order that a wage execution issue on the current alimony order of $666.66 per month plus $100 per month on the arrearage of $49,334.69.

The plaintiff first argues that because the defendant offered no evidence, and the court made no finding,

[2] The defendant filed a "special appearance" so as not to concede jurisdiction. We note that no such procedure is either recognized or required. The defendant subsequently conceded jurisdiction during oral argument before this court.

that he was unable to pay the admittedly accumulated arrearage, a contempt finding was appropriate. She further contends that because the legal standard for contempt had been satisfied and because the circumstances of this matter are outrageous, she was entitled to such a finding.

While we might agree that a finding of contempt is appropriate under these circumstances, our standard of review is quite different. We must determine whether the trial court abused its discretion in failing to find that the actions or inactions of the defendant were in contempt of a court order. See *Niles* v. *Niles,* 9 Conn. App. 240, 245, 518 A.2d 932 (1986).

Civil contempt is conduct directed against the rights of the opposing party. *Tatro* v. *Tatro,* 24 Conn. App. 180, 185, 587 A.2d 154 (1991). "Contempts of court may be classified as either direct or indirect, ' "the test being whether the contempt is offered within or outside the presence of the court." ' *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 150, 496 A.2d 476 (1985)." *Sgarellino* v. *Hightower,* 13 Conn. App. 591, 595, 538 A.2d 1065 (1988). A finding of indirect civil contempt must be established by "sufficient proof" that is premised on competent evidence presented to the trial court and based on sworn testimony. Id. A trial-like hearing should be held if issues of fact are disputed. *Nelson* v. *Nelson,* 13 Conn. App. 355, 367, 536 A.2d 985 (1988).

The plaintiff argues that the defendant has repeatedly disobeyed court orders and has shown no willingness to satisfy his arrearage. The plaintiff claims that the defendant has defied the court and misused its processes in order to deny the plaintiff that to which the court has determined she is entitled. Despite these arguments, the trial court refused to make a finding of contempt. A finding of contempt is a question of fact. *State* v. *Jackson,* 147 Conn. 167, 170, 158 A.2d 166

(1960). A review of the record shows that the court found no facts to support a conclusion that the nonpayment by the defendant was either wilful or not wilful. The court stated: "I can't make a finding [of contempt] upon the record that [the failure of the defendant to comply with the court order is] wilful." After further discussion, the court reiterated: "Well still, I can't make that finding [of contempt] in view of the present status of the record. So I don't intend to issue any orders as to interest at the present time."

While we do not conclude that the trial court abused its discretion in failing to find the defendant in contempt, we do conclude that the trial court failed to exercise that discretion at all. The court denied the plaintiff's motion, but that order was not based on findings of fact. Therefore, no exercise of discretion took place. The evidence as presented to the trial court was sufficient to allow the court to exercise its discretion one way or the other, yet it failed to do so.

An order of the court must be obeyed until it has been modified or successfully challenged. *Connecticut National Bank* v. *Investors Capitol Corp.*, 29 Conn. App. 48, 56, 613 A.2d 1370, cert. denied, 224 Conn. 902, 615 A.2d 1044 (1992). The record is clear that the defendant neither modified nor successfully challenged the court order regarding alimony payments. Noncompliance with an order of the court alone does not necessarily dictate that a finding of contempt be entered. *Marcil* v. *Marcil,* 4 Conn. App. 403, 405, 494 A.2d 620 (1985). For example, the inability to comply is a good defense to a claim of contempt. *Mallory* v. *Mallory,* 207 Conn. 48, 57, 539 A.2d 995 (1988). The contemnor must establish that he cannot comply, or was unable to do so. *Zivic* v. *Zivic,* 26 Conn. App. 5, 10, 596 A.2d 475 (1991); *Tatro* v. *Tatro,* supra, 24 Conn. App. 186. It is within the sound discretion of the court to deny a claim of contempt when there is an adequate factual

basis to explain the failure. *Marcil* v. *Marcil,* supra, 405. The lack of any basis or explanation, however, should reasonably allow the conclusion that the contemmor has the ability to comply with the order of the court.

Here, the defendant has not demonstrated that he was unable to comply with the order of the court. Both the defendant and his counsel excused themselves from participation in the July 12 hearing. The defendant presented no evidence and made no claims. He never denied his noncompliance with the court orders.[3] The defendant submitted a financial affidavit but could not be cross-examined on his current financial status.[4] Before leaving the courtroom, the defendant, through his counsel, indicated that he did not dispute that alimony payments had ceased and that an arrearage of approximately $44,000 existed as of January, 1993. The defendant also did not dispute that the court was able to calculate the arrearage as of the date of the hearing. The defendant was aware that he could dispute the plaintiff's affidavit concerning the arrearage, and cross-examine her current testimony. He chose instead not to participate, and waived his right to do so. *Hill* v. *Hill,* 35 Conn. App. 160, 167, 644 A.2d 951 (1994).

Under the circumstances of this case, we conclude that the court failed to exercise its discretion, despite having sufficient evidence before it to do so. This evidence consisted of the plaintiff's testimony, her affidavit from a prior hearing, and the court records. As

---

[3] The defendant, during oral argument, represented that an agreement existed between the plaintiff and the defendant that excused him from his obligation. The defendant could point to no evidence on the record to support this allegation. He agrees that such an allegation, contained in his objection to the plaintiff's motion, is not evidence before the trial court.

[4] The defendant's financial affidavit claims a gross monthly income of almost $8000 and total assets approaching $125,000. He claims monthly expenses of over $7000.

a reviewing court, we cannot find facts. Fact-finding is a function of the trial court. *Griffin* v. *Planning & Zoning Commission,* 30 Conn. App. 643, 652, 621 A.2d 1359 (1993).

Because of the necessity of a remand for a new hearing, we find it unnecessary to address the plaintiff's other claims dealing with the court's denial of her claims for statutory interest[5] and attorney's fees.[6]

The judgment is reversed only as to the denial of the plaintiff's motion for contempt and her requests for attorney's fees and statutory interest, and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed as to the finding of arrearage, the order of payments and the wage execution.

In this opinion the other judges concurred.

---

[5] The plaintiff claims statutory interest pursuant to General Statutes § 37-3a.

[6] The plaintiff claims attorney's fees pursuant to General Statutes § 46b-62. It would appear from the record that the trial court, on June 29, 1993, granted the plaintiff's motion for attorney's fees but required "the motion to be reclaimed to determine the proper amount." Thereafter, on July 12, 1993, at the completion of the hearing, the plaintiff's counsel stated: "You will recall that several weeks ago we filed a motion for attorney's fees filed May 21, 1993, concerning the appeal in the amount of $7500. At the time, we had not provided a full itemized bill to the court and the court indicated that it would order the attorney's fees but in terms of the amount, [it wanted] to see the itemized and detailed statement and we're prepared to offer that at this time." The court replied: "You may offer it but I don't intend to award counsel fees at the present time." Thereafter, the plaintiff's counsel requested that the trial court act on another motion for attorney's fees in the amount of $8819 filed on July 1, 1993. The court replied: "Again, counsel, I don't intend to make any orders for counsel fees." The court thereupon heard testimony by the plaintiff and denied her requests for counsel fees, without prejudice, and stated, "You could request the court to revisit [both requests for attorney's fees]."