DAWN KUSZNIR *v.* ZONING BOARD OF APPEALS OF
THE CITY OF SHELTON ET AL.
(AC 18613)

Schaller, Hennessy and Daly, Js.

Argued May 9—officially released October 17, 2000

*John R. Williams*, with whom, on the brief, was *William S. Palmieri*, for the appellant (plaintiff).

*Thomas J. Welch*, with whom, on the brief, was *John H. Welch, Jr.*, for the appellee (defendant).

*Opinion*

DALY, J. The plaintiff, Dawn Kusznir, appeals from the judgment of the trial court finding her in civil contempt for failing to comply with a cease and desist order prohibiting her from harboring two Vietnamese pot-bellied pigs on her property in violation of Shelton's zoning ordinances.[1] On appeal, the plaintiff claims that at the contempt hearing, the court denied her due process of law by (1) refusing to let her witness testify, (2) failing to permit her to present a defense and (3) imposing a fine for contempt on the basis of her failure

---

[1] Although the issue of the finality of the judgment was raised at oral argument, the record is clear that a final judgment was entered.

to comply with the cease and desist order without first allowing her to present a defense to the motion for contempt.[2] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to a disposition of this appeal. The plaintiff resides at 34 Birch Bank Road, Shelton, on 0.36 acres in an R-1 residential zone. Two Vietnamese pot-bellied pigs also reside on the plaintiff's property. Shelton zoning regulations prohibit the keeping of livestock on lots smaller than two acres.[3]

In 1994, a neighbor complained about the pigs and the defendant zoning enforcement officer[4] issued a cease and desist order to the plaintiff for maintaining livestock on property of less than two acres in a residential zone. A second cease and desist order was issued on May 11, 1994. The defendant zoning board of appeals of the city of Shelton (board) upheld that order on June 21, 1994. On September 29, 1994, the Superior Court sustained the board's decision and allowed the plaintiff thirty days to find other accommodations for the animals. On November 9, 1994, this court denied the plaintiff's petition for certification to appeal from the trial court's judgment. The plaintiff then unsuccessfully pursued a boustrophedonic course in the federal courts.

On April 28, 1998, the board filed a motion for contempt claiming that the plaintiff failed to remove the pigs pursuant to the cease and desist order. The plaintiff

[2] Although the plaintiff has raised three issues on appeal, they all flow from the claim that the court denied her due process rights by refusing to allow the mayor of Shelton to testify. Although she clothes her claim in constitutional garb, the plaintiff's claim is an evidentiary one. See *State* v. *Hansen*, 39 Conn. App. 384, 390, 666 A.2d 421, cert. denied, 235 Conn. 928, 667 A.2d 554 (1995).

[3] See § 23.1, Permitted Uses, Schedule A, line nine, of the zoning regulations of the city of Shelton.

[4] The defendants in this action are Lawrence F. Sheridan, the zoning enforcement officer of the city of Shelton, and the zoning board of appeals of the city of Shelton.

subpoenaed Mark A. Lauretti, the mayor of Shelton, to testify at a hearing on the contempt motion held on June 30, 1998. The board moved to quash the subpoena. At the hearing, Richard J. Chaffee, a Fairfield County deputy sheriff, testified that he saw the pigs at the plaintiff's residence. The court then questioned the plaintiff's attorney concerning the nature of Lauretti's testimony. The plaintiff's attorney explained that Lauretti's testimony would support the plaintiff's defense that due to her state of mind, she was unable to obey the court order. The court, however, did not permit Lauretti to testify.

The court found that the plaintiff violated the cease and desist order, and ordered her to remove the animals from the premises by July 10, 1998, but granted her the right to request additional time to comply. The court ordered further that, if the plaintiff failed to comply with the order, she would be fined $350 for court costs plus $40 per day for each day of noncompliance. This appeal followed.

The plaintiff first claims that her due process rights were violated by the court's refusal to allow Lauretti to testify. We disagree.

The plaintiff claims that Lauretti's testimony would have addressed the reasonableness of her belief that she was not required to comply with the court order. In the plaintiff's attorney's offer of proof, however, he merely stated that he would "like to inquire [whether Lauretti] has some trepidations about the enforcement action that is being taken by agents of the city of Shelton."

"The standard to be used to review a trial court's decision on the relevance and admissibility of evidence is abuse of discretion. . . . The trial court has wide discretion to determine the relevancy of evidence . . . . Every reasonable presumption should be made

in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Pender* v. *Matranga*, 58 Conn. App. 19, 27–28, 752 A.2d 77 (2000); see also 1 B. Holden & J. Daly, Connecticut Evidence (2d Ed. & Sup. 1999) § 35, p. 159.

"Contempts of court may be classified as either direct or indirect, the test being whether the contempt is offered within or outside the presence of the court." (Internal quotation marks omitted.) *Bunche* v. *Bunche*, 36 Conn. App. 322, 324, 650 A.2d 917 (1994). "A finding of indirect civil contempt must be established by 'sufficient proof' that is premised on competent evidence presented to the trial court and based on sworn testimony. . . . A trial-like hearing should be held if issues of fact are disputed." (Citation omitted.) Id.

A plaintiff's failure to obey an order of the court, without fault on her part, is a good defense to a charge of contempt, and the plaintiff here had the right to demonstrate that her failure to comply with the order of the court was excusable. See *Mallory* v. *Mallory*, 207 Conn. 48, 57, 539 A.2d 995 (1988); see also *Turgeon* v. *Turgeon*, 190 Conn. 269, 283, 460 A.2d 1260 (1983).

Here, the plaintiff was entitled to a trial-like hearing because the alleged contempt occurred outside the presence of the court. Therefore, the plaintiff was entitled to present evidence to the court. The plaintiff, however, chose to present only one witness. The record reveals that the court refused to allow this testimony because it was not relevant.

The plaintiff argues that she reasonably believed that she was not required to comply with the 1998 court order on the basis of press reports that the mayor had some questions about the enforcement action taken by agents of the city. She claimed to have viewed those press reports as evidence that the city officials were at

odds with each other over whether the court order should be enforced. She asserted that she intended to inquire of Lauretti whether he had some "trepidation" about the decision of the board.

Because Lauretti did not supervise the board, the court found that any "trepidations" amounted to his personal viewpoint and were not relevant. Furthermore, the plaintiff had ample opportunity to present other evidence on her behalf. Therefore, the court did not abuse its discretion in precluding Lauretti from testifying. The plaintiff's claim that the court prevented her from presenting a defense is, therefore, without merit.

The plaintiff also argues that the court, in deciding whether to hold her in contempt, improperly focused only on the issue of whether the pigs still resided on her property without considering her defense that there was a reasonable explanation for her noncompliance with the court order requiring that the pigs be removed, namely, that she justifiably believed that she did not have to comply on the basis of Lauretti's reported trepidation about the enforcement action. The plaintiff cannot prevail on this claim because, as we already have held, the court considered and properly rejected her argument that it was reasonable for her to have relied on Lauretti's alleged views as a basis for believing that she did not have to comply with the court order. The court properly held that reliance on Lauretti's views was not a defense and properly refused to allow him to testify.

Finally, our holding that the court considered and rejected the plaintiff's proposed defense is dispositive of her claim that the court assessed a fine for contumacious behavior without allowing her to present an explanation for her failure to comply with the order.

The judgment is affirmed.

In this opinion the other judges concurred.