[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR CONTEMPT, #133 
The plaintiff has filed the present motion for contempt based on the defendant's failure to make unallocated child support and alimony payments. For the following reasons, the court finds the defendant in contempt and orders the parties to appear at a supplemental hearing to address questions regarding appropriate orders to enforce the court's orders.
At a hearing held before this court on July 12, 2001, the evidence established that the court, Moran, J., on January 24, 2001, adopted as a court order a written stipulation between the parties of that same date. In that stipulation the parties had agreed that defendant owed the plaintiff an arrearage of approximately $14,000 in unallocated child support and alimony. They further agreed to "settle the arrearage for $6,000, in consideration of the plaintiff receiving this payment in 2 lump sum amounts" to be paid on or before February 9, 2001, and May 9, 2001. The parties also agreed, and the court ordered, that "[i]f the defendant not make either such payment on time, the arrearage shall remain at $14,000." The parties stipulated at the July 12, 2001, hearing before this court that the defendant made the first payment in timely order, but has only paid $2,000 of the $3,000 due on the second payment. The plaintiff now seeks an order holding the defendant in contempt; a finding that the arrearage reverts to the previously agreed amount of $14,000, less the $5,000 paid, because the defendant breached the parties January 24, 2001, agreement; an order of counsel fees; and an order incarcerating the defendant if he does not pay the full balance due. CT Page 13468-r
The defendant testified at the hearing on the plaintiff's motion for contempt that he works "week from week," lives "week to week," and is "basically broke." He testified that he did not pay the final $1,000 due under the January 24, 2001, court order because he "couldn't come up with the other thousand and I'm doing the best I can." (Test., tr. at 10-11, 7/12/01). He also admitted that he has gone to the Mohegan Sun and Foxwood casinos on a few unspecified occasions to gamble. (Id. at 12-13.)
Thus, while acknowledging that he only paid $2,000 of the second payment of $3,000 due under the January 24, 2001, agreement. the defendant argues that he "neither willfully nor voluntarily disobeyed" the court order. (Def.'s mem of law, 7/26/01, at five.) Other than his testimony summarized above, however, he offered no evidence as to such an inability or of his financial situation — no financial affidavit, no evidence about recent income, about whether he has other financial resources, no evidence about his expenses or any liabilities or indebtedness (except to say that he "had to get my car fixed. I still haven't paid for that yet and haven't gotten my car back." (Test., tr. at 10, 7/12/01)
It is true, as the defendant states, that "[t]he inability of the defendant to obey an order of the court, without fault on his part, is a good defense to a charge of contempt." Turgeon v. Turgeon, 190 Conn. 269,283, 460 A.2d 1260 (1983). Our appellate courts have also advised. however, that the burden of establishing inability to comply with the court's order rests on the person shown not to be in compliance: "[t]he contemnor must establish that he cannot comply, or was unable to do so."Eldridge v. Eldridge, 244 Conn. 523, 532, 710 A.2d 757 (1998), citingBunche v. Bunche, 36 Conn. App. 322, 325, 650 A.2d 917 (1994). In the present case, the defendant did not establish that he was unable to comply with the court order. His own testimony on this point, necessarily self-interested, was not credible.
The court thus finds the defendant in contempt of the court's order of January 26, 2001. The court further finds that because he did not pay the full $6,000 in time to comply with the court's order, his arrearage, by virtue of his written agreement and the court's order of that date, reverts to the full $14,000, less his payments made of $5,000, for a current arrearage balance of $9,000 as of the date of the July 12 hearing. Since the hearing on this matter was held more then two months ago, however, the court hereby orders the parties to appear for a supplemental hearing before the court to consider appropriate orders to CT Page 13468-s ensure compliance and end defendant's state of contempt.
 The court finds, moreover, that an order of counsel fees to the plaintiff is appropriate. Once a contempt has been found, § 46b-87 establishes a trial court's power to sanction a noncomplying party through the award of attorney's fees. . . . Pursuant to § 46b-87, that sanction may be imposed without balancing the parties' respective financial abilities. . . . The award of attorney's fees in contempt proceedings is within the discretion of the trial court.
(Quotation marks omitted; citations omitted.) Eldridge v. Eldridge,244 Conn. 523, 534, 710 A.2d 757 (1998). As plaintiff did not submit her attorney's fee affidavit until after the hearing on July 12, the court will give the defendant a reasonable opportunity, at the supplemental hearing, to contest the amount of that fee, the time expended by plaintiff's counsel on this matter, or reasonableness of the hourly rate claimed by plaintiff's counsel.
BY THE COURT
STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT