[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 31, 2002, the plaintiffs, Vincent Viggiano, Zoning Enforcement Officer of the City of Waterbury and the City of Waterbury, filed a Motion for Contempt asserting that the defendants were in violation of this court's order of May 17, 2002, which enjoined the defendants, Anthony Cocchiola, Cocchiola Paving, Inc., and L.A.R.S. Realty, LLC, from excavating and processing rock on the commercial property known as lot 361, Watertown Ave., Waterbury, Ct. The defendants filed a Motion to Dissolve the Injunction on June 7, 2002. These motions were filed in what the parties refer to as the "First Action" (CV02-01 70152S).
In the "Second Action," filed on June 26, 2002, the plaintiffs petitioned this court for injunctive relief pertaining to rock processing which was occurring on the defendants' residential property, lots 34 and 35, Watertown Ave., Waterbury, Ct. Evidence was presented on all three motions on June 28 and July 2, 2002, after which counsel timely submitted briefs to this court.
Facts
The defendant L.A.R.S. Realty, LLC ("Lars"), is the owner of three contiguous parcels of land in the City of Waterbury. The parcels are identified as Lots 34 and 35, the "residential lots," and Lot 361, the "commercial lot." Lots 34 and 35 are zoned RL, which restricts uses to the erection of one and two family houses. The commercial lot is in a CA zone, which permits various commercial uses. The defendant, Cocchiola Paving, Inc. (Paving), has been engaged by Lars to excavate and remove rock from the residential lots pursuant to a building permit issued by the City of Waterbury on or about March 14, 2002, after application, and submission by the defendants of a site plan. The defendant, Anthony Cocchiola, is a principal of both Lars and Paving.
An application by the defendant for a building permit relative to the CT Page 11797 commercial property was denied by the Zoning Commission, in March of 2002. That decision is currently the subject of appeal. Despite the lack of valid permits and a Cease and Desist Order issued by the Zoning Officer, the defendants continued excavating and processing rock material on lot 361. The plaintiffs', Vincent Viggiano, Zoning Enforcement Officer of the City of Waterbury and the City of Waterbury, filed the "First Action" in this court to enjoin the defendants from engaging in these activities on the commercial lot.
After hearing evidence on May 17, 2002,, this court found that the defendants had violated Waterbury City Zoning Ordinance §§ 7.13 and 5.14-8 by excavating and processing materials on lot 361, without the required permits. As a result, the following Temporary Injunction was entered: "The defendants are ordered to stop all earth and rock excavation, including dynamite blasting and processing the material with equipment and scales on site, as well as any other construction activity, until such time that the Zoning Appeal is decided."
Subsequently, the defendants moved some of the equipment located on the commercial property to the adjacent residential lots, where it is excavating rock. After a site visit by the court, the parties, through stipulation, agreed that: (1) a screener, a hopper and two crushers are located on the residential lots; (2) a scale, a scale house and stock piles of material are located on the commercial lot; (3) a conveyor and open white trailer straddle the property line between he commercial and residential properties; and (4) various pieces of equipment such as trucks, loaders and shovels regularly traverse the commercial and residential lots. This equipment is utilized by the defendants to excavate rock on the residential lots; to crush and screen the rock material to a uniform size on the residential lots; and to load the rock material onto trucks where it is weighed on the commercial lot prior to transport. The purpose of these activities is to sell the rock material produced.
Discussion
Each of the parties' motions will be addressed separately by the court.
I. Plaintiffs Motion for Contempt (CV-02-01 70152)
The plaintiffs assert that the defendants are in violation of this court's order of May 17, 2002, because the defendants continue a rock processing operation on the commercial property. The defendants respond that they are weighing, storing and selling rock from the commercial site; they are not processing rock. Accordingly, they have not violated CT Page 11798 the court order.
"Contempts of court may be classified as either direct or indirect, the test being whether the contempt is offered within or outside the presence of the court." (Internal quotation marks omitted.) Bunche v. Bunche,36 Conn. App. 322, 324, 650 A.2d 917 (1994). "A finding of indirect civil contempt must be established by `sufficient proof' that is premised on competent evidence presented to the trial court and based on sworn testimony. . . . A trial-like hearing should be held if issues of fact are disputed." (Citation omitted.) Id. citing: Cologne v. WestfarmsAssociates, 197 Conn. 141, 147, 496 A.2d 476 (1985). "The interests of orderly government demand that respect and compliance be given to orders issued by courts possessed of jurisdiction of persons and subject matter. One who defies the public authority and willfully refuses his obedience, does so at his peril." United States v. United Mine Workers,330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884 (1947). "[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." Id., 293; see also W.R. Grace Co. v. Rubber Workers,461 U.S. 757, 766-67, 103 S.Ct. 2177, 76 L.Ed.2d 298 (1983); DeMartinov. Monroe Little League, Inc., 192 Conn. 271, 276-77, 471 A.2d 638
(1984).
While the defendant's argument focuses on whether or not "processing," ie. the physical crushing of rock, was occurring on the commercial property, the court order contemplated and articulated a prohibition on the processing operation. By court order, the defendants were to cease all, inter alia, ". . . processing the material with equipment and scaleson site, as well as any other construction activity. . . ." (italics added) The defendants' equipment and activity on the commercial site wilfully violates the court order of the May 17, 2002; the defendants are found to be in contempt of this court's order of May 17, 2002. The court has reviewed the plaintiffs' Affidavit concerning Attorney's Fees and Costs, and awards the plaintiffs $2000.00 as fair and reasonable Attorney's Fees related to this motion.
II. Defendant's Motion to Dissolve the May 17, 2002 Injunction (CV02-0170152)
In deciding whether an injunction should be continued or dissolved, "the court is called upon to balance the results which may be caused to one party or the other, and if it appears that to deny or dissolve it may result in great harm to the plaintiff and little to the defendant, the court may well exercise its discretion in favor of granting or continuing it, unless indeed, it is very clear that the plaintiff is without legal CT Page 11799 right." Olcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941), citing: Love v. Atchison. T. S.F.Ry. Co., 107 C.C.A. 403, 185 F. 321, 331; Ohio Oil Co. v. Conway, 279 U.S. 813, 815,49 Sup. Ct. 256.
The defendants request that this court dissolve the injunction issued on May 17, 2002. The arguments propounded by the defendants in support of the dissolution primarily address the alleged inequities in the City of Waterbury's denial of the building permit, which is currently the subject of appeal. While the defendants' argue that they are suffering grave harm as a result of the injunction, the evidence does not support this contention. In fact, the evidence demonstrates that the processing operation continues unabated. Moreover, the defendants do not argue, with specificity, how they are suffering grave harm; rather, they argue generally that they are being denied the lawful use of their property. The injunction entered because the defendants were conducting activities on the commercial property without the requisite building permits; despite a Cease and Desist Order issued by the City of Waterbury. Through this Motion to Dissolve, the defendants are requesting this court to sanction such conduct, which it cannot do.
For these reasons the defendants Motion to Dissolve the Injunction is denied.
III. Plaintiffs Request for Injunction Re Residential Lots 34 and 35 (CV02-01 72243)
The plaintiffs seek an order from this court prohibiting the defendants from processing earth and rock material on the residential property, claiming that such activity violates §§ 2.34, 3.2 and 1.73 of the City of Waterbury Zoning Ordinance. The defendants admit processing rock on these properties; therefore, the only issue is whether or not these actions violate the Zoning Ordinance, Johnson v. Murzyn, 1 Conn. App. 176,180, 469 A.2d 1227 (1984), and, if so, whether the balancing of equities favors issuance of an injunction. Bauer v. Waste Management ofConnecticut, Inc., 239 Conn. 515, 527, 686 A.2d 481 (1996).
The defendants have a valid building permit to lay a foundation for a two family home, which was granted by the City after submission by the defendants of a site plan. The City approved the permit, and site plan, on March 14, 2002. Mr. Vincent Viggiano, the Zoning Enforcement Officer for the City of Waterbury, testified that pursuant to the building permit issued to the defendant's for the residential property, the defendants are entitled to excavate and remove rock material from the premises. In addition, if the rock is large and cannot be removed whole, Mr. Viggiano CT Page 11800 testified that it can be "busted up" on-site before removal. (transcript, June 28, 2002, p. 69)
The plaintiffs claim that it is the crushing the rock to a standard size and the selling it onsite which is prohibited by §§ 1.73, 3.2, and 2.34 of the Zoning Ordinance. Zoning Ordinance § 1.73 mandates that land only be used in accordance with uses permitted under the ordinance; § 3.2 cites to Article II of the Ordinance for a list of permitted uses on residential (RL) properties. These are general provisions which do not provide this court with direction in this specific case.
By complaint, the plaintiffs assert that the processing and selling of rock falls under the "General contractors, service and equipment" category of § 2.34, which allows these activities only in industrial zones. Mr. Gil Graveline, a City of Waterbury employee, who has been Building Inspector, and who is currently acting Zoning Enforcement Officer, testified that the provision of § 2.34 which most closely pertains to rock processing is: "Extraction of earth products," rather than "General contractors, service and equipment." (Transcript, July 2, 2002 pm p. 52). This court could not find a specific reference to "processing of rock" within Article LI of the Zoning ordinance and finds that the "processing of rock," best falls within the "Extraction of earth products" category of § 2.34. Under § 2.34 of Article II, "Extraction of earth products" is allowed only in industrial zones Article V, § 5.14-8 of the Waterbury Zoning By Laws, however, articulates an exception upon which the defendants rely:
 Earth Excavation, Filling and Grading. Earth excavation, filling and/or grading activities over fifty (50) cubic yards in volume are permitted in all zoning districts, subject to a public hearing, approval of a special permit site plan approval by the City Plan Commission, and the following conditions: . . .
 (e) The following activities shall not require approval under this section:
 1. The grading of material on site when considered part of an approved and recorded subdivision, special permit site plan.
 2. The excavation and removal of material when part of an approved and recorded subdivision, special permit site plan (or special exception or approved site plan)
CT Page 11801
The defendants argue that the building permit issued for the residential properties was pursuant to an approved site plan; accordingly, this exception applies. This court agrees. Because the permit was issued pursuant to an approved site plan, the excavation and removal of material can proceed without additional permit or approval on these residential sites. The court sees little difference between the "busting up" of rock, which the plaintiffs admit is allowed, and the crushing of rock, prior to removal.
This court also finds that the sale of this product by the defendant is an activity which is incidental or accessory to the excavation and removal of material allowed under the ordinance. "By definition, accessory uses must be located on the same lot, and must be subordinate and customarily incidental to, the principal use." Lawrence v. ZoningBoard of Appeals, 158 Conn. 509, 512, 264 A.2d 552 (1969).
The plaintiffs have not met their burden of showing that the defendants' processing and removal of rock material from the residential properties, violate the Zoning Ordinance of the City of Waterbury. Accordingly, the request for injunction relief is denied.
 ______________________ Judge Carol Wolven
CT Page 11802