[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO REARGUE
The defendant Louis Ursini and his attorney, Jacek I. Smigelski, request reargument of the plaintiff's motion for contempt and motion for sanctions, which was originally heard by the court on October 21, 2002. Thereafter and based on that hearing, Mr. Ursini was found in contempt of court for failing to attend a court-ordered deposition, and Attorney Smigelski was found to have acted in bad faith in his conduct of certain aspects of this litigation. Orders were entered that required them, jointly and severally, to pay to the plaintiff the sum of $6,000 as attorneys fees reasonably incurred by him as a result of their conduct.
Reargument is required, it is claimed, because the constitutional rights of Mr. Ursini and Attorney Smigelski to adequate notice of the charges against them, a reasonable opportunity to meet them by way of defense or explanation, representation by counsel and a chance to testify and call other witnesses in their behalf were violated. See, e.g., In reOliver, 333 U.S. 257, 275 (1948). Because none of these rights were violated or even endangered, the motion for reargument is denied.
Regarding notice, the hearing on October 21 was prompted by a motion filed by the plaintiff on September 21, seeking contempt findings against both Mr. Ursini and Attorney Smigelski for alleged conduct spelled out in detail in the motion. Notice of the October 21 hearing was sent to all parries on September 27 by the court, giving them over three weeks to prepare to meet these detailed allegations. When the hearing convened on October 21, both Mr. Ursini and Attorney Smigelski were present, and no request for a continuance was made to allow for further preparation, summoning of witnesses or retention of separate counsel for Attorney Smigelski.
At the hearing Mr. Ursini was represented by counsel in the person of Mr. Smigelski. Mr. Smigelski represented himself. According to the official court log of proceedings, the hearing commenced at 10:12 AM and did not conclude until 12:39 PM. Although some other matters were taken CT Page 3006 up, the bulk of this 2 ½ hour proceeding was consumed by the court's consideration of the contempt and sanctions motion and Mr. Ursini's and Attorney Smigelski's defenses and explanations for the conduct alleged in the motion. Thus, they had ample opportunity to meet the charges against them.
Indeed, Mr. Ursini asked to address the court personally on the question of his failure to attend the court-ordered deposition. He admitted that he was at Attorney Smigelski's office in New Britain on the morning of the deposition, and that he simply "couldn't handle" attending the deposition, even though Attorney Smigelski urged him to do so. When it is undisputed that an order of the court was not complied with, the burden is on the alleged contemnor "to establish that he cannot comply, or was unable to do so." Bunche v. Bunche, 36 Conn. App. 322, 325
(1994). Mr. Ursini offered no evidence that he was unable to comply with the order of the court. He said simply that in not attending he had "made the wrong call" and invited the court to do what it wanted with him.
". . . (A)t common law a charge of indirect contempt of court, in theabsence of an admission of contempt, had to be proved by sufficient competent evidence, including testimony under oath." (Emphasis added.)Cologne v. Westfarms Associates, 197 Conn. 141, 151 (1985). In the presence of Mr. Ursini's admission that he had violated an order of the court without excuse, there was no need for sworn testimony to prove a violation, as claimed in the motion to reargue.
The court's finding of bad faith on the part of Attorney Smigelski was based not only on his conduct in regard to the deposition, which was admitted, but also on his overall conduct with regard to pre-trial discovery. The court was very familiar with this voluminous file, having ruled on numerous motions concerning discovery prior to the hearing on October 21. The contents of the file were not in dispute, and the court heard lengthy argument from Attorney Smigelski explaining why he filed certain motions and otherwise conducted himself during discovery. The court was unpersuaded that his actions were taken in good faith and concluded that the only way to deter such action in the future was to impose monetary sanctions.
In short, Mr. Ursini and Attorney Smigelski had plenty of notice of the charges against them and ample opportunity to defend and explain their conduct. Both were represented by counsel, and neither requested time to obtain independent counsel. Nor did either of them request the opportunity to call witnesses. No sworn testimony or other evidence was necessary because the facts were either admitted or susceptible to judicial notice of this file, itself. CT Page 3007
The court has been made aware, via a filing of "Supplemental Grounds for the Motion to Reargue," that the fee arrangement between the plaintiff and his counsel is one in which the hourly fee he is obligated to pay is capped at $10,000, to be supplemented by a contingency fee on any amount recovered. Since the sanction of $6,000 in attorneys fees is intended for the benefit of the plaintiff, it shall be transmitted to him by his counsel, who are presently holding it in escrow. In the alternative, if the plaintiff wishes to permit his counsel to retain the funds in partial payment of their fee, he is to be given a credit in that amount against the total amount of the fee he may otherwise owe counsel at the conclusion of the case, according to their fee arrangement.
 BY THE COURT Joseph M. Shortall, J.
CT Page 3008